Laurence W. Stinson
Wyoming State Bar #6-2918
BONNER STINSON P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email:  laurence@bonnerstinsonpc.net
ATTORNEY FOR DEFENDANTS
JOHN H. & MICHELLE R. SCHNEIDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN HENRY SCHNEIDER, JR., MD, <br> MICHELLE RENE SCHNEIDER, <br> husband and wife, both residents of Montana; <br> JOHN HENRY SCHNEIDER, JR., MD, PC <br> a Montana corporation; and JOHN DOES I-XXX <br><br> Defendants. | Case No. 11-CV-366F |

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), F.R.C.P.

COMES NOW the Defendants, JOHN HENRY SCHNEIDER, JR., MD, and

MICHELLE RENE SCHNEIDER, husband and wife, by and through their attorney, Laurence W. Stinson of Bonner Stinson, P.C., Cody, Wyoming, and respectfully submits this brief in support of their motion to dismiss pursuant to Rule 12(b)(6), F.R.C.P.

## I.   INTRODUCTION.

On December 7, 2011, Plaintiff filed a *Complaint* in this matter against John Henry Schneider, Jr., MD, and Michelle Rene Schneider (hereinafter "Defendants" or "Defendants Schneider". Plaintiff has also identified John Henry Schneider, Jr., MD, PC, a Montana corporation as a Defendant. This entity does not exist, though John H. Schneider, Jr., MD, PC was at one time an existing Montana entity. The entity is now defunct, having been involuntarily dissolved on December 1, 2011.

Plaintiff asserts pursuant to 28 U.S.C. § 1391, the proper venue is this court on the basis that this is the judicial district where a substantial part of the events giving rise to the claim occurred. Plaintiff also indirectly asserts diversity jurisdiction by falsely alleging Defendants Schneiders are residents of Montana. Per the Sworn Statement attached as Exhibit 1 and incorporated herein, the Schneiders are Wyoming residents.

In his *Complaint,* Plaintiff identified five causes of action, the first four of which are state law claims. In the fifth cause of action, "conspiracy", Plaintiff argues Defendants violated the Racketeer Influenced and Corrupt Organizations

Act (RICO) and have conspired to or did violate 18 U.S.C. §1341 (the "mail fraud statute") and 18 U.S.C. §1343 (the "wire fraud" statute). Plaintiff alleges Defendants deliberately schemed with one another to deceive Wyoming residents, defraud Plaintiff of income and jeopardize his economic viability and provide them with an economic advantage from increased referrals.

Pursuant to Rule 12(b)(6), F.R.C.P., Defendants move this Court for an Order dismissing Plaintiff's conspiracy claim against all Defendants. Defendants' motion to dismiss, filed contemporaneously with this brief, sets forth the specific allegations of Plaintiff's *Complaint* at issue. Defendants also seek dismissal of this case from federal jurisdiction and removal to the Fifth Judicial District, Park County, State of Wyoming.

## II. ARGUMENT.

A.   The Motion To Dismiss Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted for failure to state a claim upon which relief can be granted. *U.S. Aviation Underwriters, Inc. v. Dassault Aviation*, 505 F.Supp.2d 1252, 1262 (D.Wyo. 2007). A dismissal under F.R.C.P. 12(b)(6) will be upheld when it appears the plaintiffs can prove no set of facts in support of the claim(s) that would entitle them to relief, accepting all well pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. *Sutton v. United Air*

*Lines, Inc.,* 130 F.3d 893, 896-897 (10th Cir. 1997). The court looks only to the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss. *Moffett v. Halliburton Energy Services, Inc.,* 291 F.3d 1227, 1231 (10th Cir. 2002). The court is not required to accept as true a plaintiff's conclusory allegations when reviewing a motion to dismiss under Rule 12(b)(6). *Moffett v. Halliburton Energy Services, Inc.,* 291 F.3d 1227, 1231 (10th Cir. 2002).

      B.    <u>Plaintiff's Complaint does not establish RICO violation.</u>

Plaintiff has asserted Defendants violated the federal RICO Act. Title 18 U.S.C. §1964(c) authorizes, "[a]ny person injured in his business or property" to sue based upon RICO violations. Plaintiff alleges the Defendants conspiracy and conduct are in violation of RICO, 18 U.S.C. § 1962(c) and (d). Subsection (c) states,

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

18 U.S.C. § 1962. Subsection (d) provides that it shall be unlawful for any person to conspire to violate any of the foregoing provisions of § 1962. *Id*. Plaintiff asserts a conspiracy exists between Defendants Schneider and Lisa Shaurette Fallon to create and disseminate flyers by mail to Wyoming residents. Fallon is the sole Defendant in *Biles v. Fallon*, Civil No. 11-CV-294-J. Plaintiff alleges Defendants

engaged in racketeering activity by violating 18 U.S.C. §1341 and 18 U.S.C. §1343; i.e. his RICO claim is predicated on mail fraud and wire fraud.

In response, Defendants Schneider herein show that the *Complaint* has not established any identifiable injury to Plaintiff's business or property, and Plaintiff's Conspiracy claim should be dismissed. Plaintiff's remaining causes of action are state law claims and the case should be dismissed from federal jurisdiction.

C.  Plaintiff's *Complaint* does not establish mail fraud.

Plaintiff argues Defendants, in conspiracy with Fallon, committed mail fraud by using the United States Postal Service to mail flyers to 14,239 Big Horn Basin households. The elements of mail fraud are: (1) a scheme or artifice to defraud or obtain property by means of false or fraudulent pretenses, representations, or promises, (2) an intent to defraud, and (3) use of the mails to execute the scheme." *United States v. Schuler*, 458 F.3d 1148, 1152 (10th Cir. 2006) (citing to *United States v. Welch,* 327 F.3d 1081, 1104 (10th Cir. 2003)). These elements are examined in turn.

> Element 1: A scheme or artifice to defraud or obtain property [or money] by means of false or fraudulent pretenses, representations, or promises;

A scheme to defraud "*** need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v.*

*Pearlstein*, 576 F.2d 531, 535 (3d Cir. 1978). This court has noted that a scheme to defraud, "'defies precise definition," and that "'[f]raud is measured by a departure from community standards of 'fair play' and 'candid dealings[;]'". *United States v. Schwab*, 88 F.Supp.2d 1275, 1283 (D.Wyo. 2000) (quoting from *United States v. Autuori*, 1998 WL 774232, at *15 (D.Conn.,1998)). Citing further from *Autuori*,

> * * * in the context of the mail fraud statute, the Supreme Court has indicated that the phrase [to defraud] refers to " 'wronging one in his property rights by dishonest methods or schemes,' " or depriving a person " 'of something of value by trick, deceit, chicane or overreaching.' " *Id.* at *16).

*Schwab,* 88 F.Supp.2d at 1283. While a mail fraud scheme does not have to actually cause a financial loss to the victim; a scheme to defraud a victim of money or property—if it is successful—must wrong the victim's property rights in some way. *McNally v. United States,* 483 U.S. 350, 358-59, 107 S.Ct. 2875 (1987).[1]

The question then is whether the *Complaint* alleges Plaintiff's property rights were wronged. *Id.* While a medical license is an established property right, Plaintiff is not asserting such a scheme to defraud. Rather, he alleges the mailing deprived him of <u>potential</u> patients (and thus, <u>potential</u> income). Plaintiff cannot

---

[1] Shortly after *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875 (1987) was decided, Congress passed 8 U.S.C. § 1346. This federal section overturned the decision in *McNally* in which the Supreme Court held that the mail and wire fraud statutes protect property but not intangible rights as evidenced by the honest services doctrine. However, Plaintiff Biles has not alleged a violation of honest services and so *McNally*'s discussion of property rights remains applicable to the case at bar.

have a tangible property right in a potential and speculative future benefit of which he has no guarantee; thus, he has not been wronged.

Plaintiff claims that in using the mail system, Defendants intentionally set out to destroy his reputation in the Big Horn Basin so as to gain business for their own entities. *Id*. at ¶112. Plaintiff and Defendant Dr. Schneider are engaged in very different practices of medicine: Plaintiff is an orthopaedic surgeon with an emphasis in sports medicine and Defendant is a neurosurgeon focusing on care and management for disorders of the spine and peripheral nervous system. Plaintiff has admitted differences in practice areas. *Id*. at ¶¶11-12. Defendants have nothing to gain economically from injuring Plaintiff.

Nonetheless, Plaintiff reaches in an attempt to link the flyer to Defendants' economic gain. This link presupposes that all of the following would occur: 1) potential patients would be frightened by the flyer; 2) those patients would avoid seeing Plaintiff for their care; 3) those potential patients would then seek care from a different orthopedic practitioner who liked Defendant; 4) that practitioner would refer all neurosurgery patients to Dr. Schneider and 5) Defendants would profit. This argument is too tenuous and too remote to Plaintiff's alleged injury.

Finally, P. Craig Silva, defense counsel for Fallon in *Biles v. Fallon*, has represented to the undersigned that under oath, Fallon denied any involvement in a conspiracy with the named Defendants. In fact, she has accepted full and sole

responsibility for the creation and mailing of the flyer at issue, which Plaintiff tacitly acknowledges. *Id. at* ¶26. Counsel for Plaintiff has admitted during a hearing with Judge Johnson that such information is correct. Thus, any scheme to defraud is a scheme instigated by Fallon. For the foregoing reasons, the allegations contained in Plaintiff's Conspiracy cause of action do not demonstrate a viable "scheme to defraud" on the part of Defendants Schneider.

> Element 2.   An intent to defraud, and;

The second element, intent to defraud, has been explained as follows:

> Because direct proof of fraudulent intent often is unavailable, courts have long permitted fact finders to rely on a variety of circumstantial evidence, including evidence of actual or contemplated harm, to infer such intent…Intent to defraud may be inferred from the defendant's misrepresentations, knowledge of a false statement as well as whether the defendant profited or converted money to his own use.

*United States v. Schuler*, 458 F.3d 1148, 1152 (10th Cir. 2006). Upon information and belief, Fallon has admitted it was she and she alone that was the architect of the alleged defamatory flyer. Upon the representation of Fallon's counsel, Fallon testified under oath that she did not seek preapproval from Defendants Schneider for the information in the flyer and did not have that flyer approved by Defendants. Per that representation, Defendants could have no knowledge of false statements. Plaintiff has not asserted that Defendants Schneider have actually profited from the flyer, merely that they could <u>if</u> a number of conditions were satisfied. Thus, no

intent to defraud can be logically imputed to Defendants Schneider and the second element of mail fraud is left unsatisfied.

Element 3: Use of the mails to execute the scheme.

The flyer was clearly sent through the U.S. mail to Big Horn Basin residents. However, Plaintiff's factual allegations in light of Fallon's representations do not evidence a scheme to defraud involving Defendants. Thus, a factual basis for the third element for mail fraud has not been made. Plaintiff's conspiracy claim to commit mail fraud has failed to state a claim on which relief can be granted.

D.  Plaintiff's *Complaint* does not establish wire fraud.

Plaintiff has also asserted Defendants Schneider have engaged in wire fraud because Defendants used or caused another to use wire, email, telephones, cell phones, or other interstate wire technology in furtherance of their scheme to cause economic hardship or ruin to the Plaintiff. Wire fraud has three elements, the first and second of which are identical to mail fraud. *United States v. Cooper*, 654 F.3d 1104, 1116 (10th Cir. 2011). The third element is the use of interstate wire, radio, or television communications to execute the scheme. *Id*; Title 18 U.S.C. § 1343.

Applying these, Plaintiff's *Complaint* fails to establish Defendants Schneider have engaged in a "scheme to defraud" and has not shown an intent to defraud. Per Plaintiff, Defendants used various phones and email addresses to scheme with Fallon. However, Plaintiff's assertion this constitutes "interstate" is conclusory and

without support. His allegations of wire fraud do not provide a basis for recovery.

A careful review of Plaintiff's *Complaint* reveals Plaintiff has simply restyled his Defamation and Intentional Interference with Economic Relations claims as a conspiracy claim. Plaintiff has not alleged any facts to support that Defendants Schneider devised or intended to devise a scheme to defraud another of money as required. *Podolak v. Volcker,* 1986 WL 12803, *1 (D. Wyo.). Rather, Plaintiff has asserted conclusory allegations as to the role of Defendants. The court has no obligation to accept those as true when reviewing a motion to dismiss under Rule 12(b)(6). *Moffett,* 291 F.3d at 1231. In short, Plaintiff's conspiracy claim to commit wire fraud has failed to state a claim on which relief can be granted.

The only allegation against the now-defunct Schneider corporation is vicarious liability on the part of its sole principal, Dr. Schneider. Thus, Defendant Schneider, P.C. is no more liable for a RICO violations predicated on mail and wire fraud then are Defendants Schneider. Assuming all Plaintiff's allegations are true, there is no case for mail fraud and wire fraud against these Defendants.

### III.  CONCLUSION.

For the foregoing reasons, pursuant to Rule 12(b)(6), F.R.C.P., Defendants request the Court's Order dismissing Plaintiff's Conspiracy claim against all

Defendants and dismissing Plaintiff's Complaint from federal jurisdiction and removal of the case to the Fifth Judicial District, Park County, State of Wyoming.

RESPECTFULLY SUBMITTED this 2nd day of February, 2012.

/s/ Laurence W. Stinson
Laurence W. Stinson, WSB #6-2918
Bonner Stinson, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Attorney for John & Michelle Schneider

**CERTIFICATE OF SERVICE**

I, Laurence W. Stinson, attorney Defendants Schneider, hereby certify that on the 2nd day of February 2012, I served a true and correct copy of the foregoing via the CM/ECF system to:

R. Daniel Fleck, WSB #6-2668
M. Kristeen Hand, WSB #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, Wyoming 83001
fleck@spencelawyers.com
hand@spencelawyers.com

William L. Simpson, WSB #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
1135 14th Street
P.O. Box 490
Cody, Wyoming 82414-0490
bsimpson@skelaw.com

/s/ Laurence W. Stinson
Laurence W. Stinson