Laurence W. Stinson
Wyoming State Bar #6-2918
BONNER STINSON P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Email:  laurence@bonnerstinsonpc.net
ATTORNEY FOR DEFENDANTS
JOHN HENRY SCHNEIDER, JR., MD
AND MICHELLE RENEE SCHNEIDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, | ) ) ) ) |
| Plaintiff, | ) Case No. 11-CV-366F ) |
| vs. | ) ) ) |
| JOHN HENRY SCHNEIDER, JR., MD, MICHELLE RENE SCHNEIDER, husband and wife, both residents of Montana; JOHN HENRY SCHNEIDER, JR., MD, PC a Montana corporation; and JOHN DOES I-XXX | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MOTION TO RELEASE DEPOSITION OF
LISA SHAURETTE FALLON**

COME NOW the Defendants, JOHN HENRY SCHNEIDER, JR., MD, and

MICHELLE RENEE SCHNEIDER, husband and wife, by and through their attorney, Laurence W. Stinson of Bonner Stinson, P.C., Cody, Wyoming, and move this court for release of the deposition of Lisa Shaurette Fallon to Defendants Schneider. The motion is made on the following grounds and for the following reasons:

1. Lisa Shaurette Fallon is the sole Defendant in *Biles v. Fallon*, Civil No. 11-CV-294-J. Plaintiff took Fallon's deposition on November 17, 2011.

2. During the January 4, 2012 hearing before this court, Judge Johnson specifically asked that a copy of the deposition be provided to the court and attorney Fleck agreed to provide a transcript. To the undersigned's knowledge, Plaintiff's counsel has not yet provided a copy of the deposition to the court as indicated.

3. P. Craig Silva, defense counsel for Fallon in *Biles v. Fallon*, has represented to the undersigned that under oath, Fallon denied any involvement in a conspiracy with the named Defendants. In fact, she has accepted full and sole responsibility for the creation and mailing of the flyer at issue.

4. Plaintiff and his counsel know Fallon has accepted full and sole responsibility for the flyer at issue, yet still filed a *Complaint* against Defendants Schneider. Their filing of the *Complaint* is in direct contradiction to the only evidence Plaintiff has—Fallon's sworn testimony that Defendants were not involved

and that Fallon acted alone. Simply stated, Plaintiff has filed a *Complaint* against Schneiders, which testimony clearly does not support.

5. Shortly after Fallon's deposition was taken, Defendants informally requested Plaintiff to produce a copy of Fallon's deposition for their review. Plaintiff's counsel refused on the grounds that Plaintiff does not want the alleged co-conspirators (i.e. Schneiders) to know Fallon's testimony.

6. Defendants Schneider were served in this action on February 1, 2012 and are preparing their answer, affirmative defenses, and counterclaims.

7. Defendants need the information contained within Fallon's deposition so they may fully and accurately prepare their defenses and counterclaims.

8. Defendants have again requested, this time in writing, that Plaintiff voluntarily provide the deposition transcript. To encourage Plaintiff to release the transcript, Defendants offered to agree to a protective order regarding the deposition and will agree to not disseminate the transcript outside of litigation. Please see *Exhibit A*, Stinson letter to The Spence Firm, dated February 8, 2012, attached to and incorporated herein.

9. Plaintiff has not responded to the communication nor has he produced a copy as requested.

10. Pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, "a party may not ordinarily discover documents and tangible things that are prepared

in anticipation of litigation or for trial by or for another party or its representative. However, subject to Rule 26(b)(4) those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ.P. 26(b)(3).

11. Under Rule 26(b)(1), parties to a lawsuit may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ.P. 26(b)(1); *Robbins v. U.S. Bureau of Land Management,* 219 F.R.D. 685, 688 (D.Wyo., 2004).

12. There is no attorney-client privilege associated with Fallon's Deposition in *Biles v. Fallon*, Civil No. 11-CV-294-J. Nor does the undersigned have knowledge that the deposition was sealed by order of the court. Thus it is subject to discovery.

13. Also pursuant to Rule 26(b)(1), with showing of good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. This court has broad discretion in fashioning the terms and conditions of discovery. *Marsee v. U.S. Tobacco Co.,* 866 F.2d 319, 326 (10th Cir.1989).

14. It is imperative that Defendants Schneider receive a copy of Fallon's deposition as the information contained therein may provide Defendants with defenses to raise in the captioned case. Without access to her deposition, Defendants will be prohibited from asserting all possible defenses and counterclaims.

15. Thus, good cause exists for the court to order Plaintiff to provide Fallon's Deposition to Defendants Schneider or, in the alternative, release the deposition to Defendants if the deposition has been supplied to the court as agreed.

16. Furthermore, if the deposition is not produced, Defendants will be required to redepose Ms. Fallon. She resides in Indiana. Thus, a second deposition will result in unnecessary expense and burden to both Plaintiff and Defendants.

17. Defendants have satisfied criteria of Rules 26(b)(1) and 26(b)(3)(ii) because they have substantial need for the material to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed. R. Civ.P. 26(b)(3).

18. Finally, under Rule 3.4 of the Wyoming Rules of Professional Responsibility, A lawyer shall not: "(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act."

19. Denying Defendants access to Fallon's deposition is prejudicial and will impede their ability to defend themselves to the fullest extent.

WHEREFORE, Defendants Schneider pray this court for relief in their favor and against Plaintiff as follows:

    a.    An order directing Plaintiff to release a complete and accurate copy of Fallon's deposition to Defendants; and

    b.    Granting such and further relief as the court deems equitable and just.

RESPECTFULLY SUBMITTED this 10th day of February, 2012.

/s/ Laurence W. Stinson
Laurence W. Stinson, WSB #6-2918
Bonner Stinson, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Attorney for John Henry Schneider, Jr., M.D. & Michelle Renee Schneider

## CERTIFICATE OF CONFERENCE

The undersigned has conferred with counsel for Plaintiff by telephone and in writing to request disclosure and release of the Fallon deposition. The last attempt was February 8, 2012. The undersigned certifies such conference was to comply with local rule 7.1(b)(2)(A).

/s/ Laurence W. Stinson
Laurence W. Stinson

## CERTIFICATE OF SERVICE

      I, Laurence W. Stinson, attorney Schneider Defendants, hereby certify that on the 10th day of February 2012, I served a true and correct copy of the foregoing via the CM/ECF system to:

R. Daniel Fleck, WSB #6-2668
M. Kristeen Hand, WSB #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, Wyoming 83001
fleck@spencelawyers.com
hand@spencelawyers.com

                                          */s/ Laurence W. Stinson*
                                          Laurence W. Stinson