R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
Po Box 548
Jackson, WY 83001
307-733-7290
307-733-5248 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming, Plaintiff, vs. JOHN HENRY SCHNEIDER, JR., MD, MICHELLE RENE SCHNEIDER, husband and wife, both residents of Montana; JOHN HENRY SCHNEIDER, JR., MD, PC a Montana corporation; and JOHN DOES I-XXX, Defendants. | **CIVIL NO.** 11-CV-366F |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO RELEASE
DEPOSITION OF LISA SHAURETTE FALLON**

Plaintiff, by and through his counsel, R. Daniel Fleck and M. Kristeen Hand of THE SPENCE LAW FIRM, LLC, opposes Defendants' Motion to Release Deposition of Lisa Shaurette Fallon. Defendant Fallon's deposition was taken on November 17, 2011, in Indiana. At the close of Ms. Fallon's deposition, her deposition was sealed by mutual agreement between Ms. Fallon's lawyers and Dr. Biles' lawyers. Following Ms. Fallon's deposition, it was apparent that collusion between Ms. Fallon and the Schneiders had already occurred and was likely to occur again. Her deposition was sealed for the purpose of preventing her co-conspirators from being able to tailor their testimony to match Ms. Fallon's. The deposition must remain sealed until

after the Defendants and other key witnesses are deposed in order to avoid further collusion between Ms. Fallon and her co-conspirators.  The Court must ensure Ms. Fallon's deposition remains sealed until after Defendants have been deposed in this matter.  For many reasons, most importantly evidence of witness tampering, obstruction of justice, subornation of perjury, abuse of process and bribery, Defendants' Motion should be denied.

Defendants in this case (John Schneider, his wife, and his professional corporation) are alleged to have conspired to defame and otherwise injure Dr. Biles' reputation and economic viability.  It is alleged that Schneiders used Ms. Fallon (their long-time family friend) to further their scheme to defame and defraud the Plaintiff by asking Ms. Fallon to publish a defamatory flyer about the Plaintiff to 14,239 Wyoming households.  Schneiders are alleged to have engaged in 14,239 counts of mail fraud and multiple counts of wire fraud in furtherance of their conspiracy.  As part of the continuing pattern of illegal activities and conspiracy against the Plaintiff, it is clear Schneiders intend to have their friend in Indiana accept sole responsibility for the flyer by having Ms. Fallon deny Schneiders' involvement.  Schneiders admit to advancing thousands of dollars a year to Ms. Fallon for several years.  It is alleged that Ms. Fallon has accepted Schneiders' money in return for her denial of Schneiders' involvement or has otherwise been promised by the Schneiders some form of continued financial support or indemnity from legal verdicts or judgments if levied against her.  These are the allegations in Plaintiff's Complaint in this matter.

Schneiders' Motion should be denied.  They have not presented good faith or good cause to overturn the agreement to seal Ms. Fallon's deposition.  They have not followed rules of discovery.  Punctuating Plaintiff's need to seal Ms. Fallon's deposition are the documents produced by the Park County Attorney and all Exhibits attached here.  Since Ms. Fallon's

deposition was taken, astounding information has come to light regarding the Schneiders' continued pattern of illegal and corrupt activities involving Ms. Fallon.[1]

## ARGUMENT

### 1. *Evidence of witness tampering, bribery, subornation of perjury, abuse of process, and obstruction of justice mandate that Ms. Fallon's deposition remain sealed.*

Four days after Ms. Fallon's deposition, on November 21, 2011, Park County Prosecuting Attorney Brian Skoric provided counsel for Defendant Fallon and counsel for Plaintiff Biles copies of three documents discovered on a stick drive. The stick drive was discovered in the surgical suite laundry at West Park Hospital on November 16, 2011. The stick drive contained three documents. Those three documents are attached as Exhibits 1, 3 and 4.

Exhibit 1 is a document entitled "answers to interrogatories." By comparison, this stick-drive document is nearly an exact duplicate of the federal interrogatory answers Lisa Fallon produced in response to Plaintiff's interrogatories. Lisa Fallon's official interrogatory answers are attached here as Exhibit 2, and were produced by Ms. Fallon November 1, 2011. Although no person has taken responsibility for authorship of the three stick-drive documents, it is alleged these documents were written by one of Ms. Fallon's co-conspirators. A comparison of Exhibit 1 (stick-drive interrogatories) with Exhibit 2 (Fallon's official interrogatories) is strong evidence

---

[1] The documents discovered by the Park County Prosecutor combined with the Schneiders' pleadings, actions, and other public statements recently made provide even more evidence of the Schneiders' illegal racketeering activities. Plaintiff will move the Court for leave to amend his Complaint to include, as part of his RICO cause of action, allegations of witness tampering (18 USC § 1512), obstruction of justice (18 USC § 1503), and bribery (18 USC § 201) – all of which are statutory predicate acts defining the basis of a civil RICO claim pursuant to 18 USC § 1961(1)(B).

that Ms. Fallon was coached by one of her co-conspirators as to how to respond to interrogatories, or one of her co-conspirators secretly authored Ms. Fallon's federal court answers to interrogatories. Much of the information about Dr. Biles, according to Fallon's official interrogatories, was conveyed to Ms. Fallon through phone conversations with Defendant John Schneider. Likely, the source of all information about Dr. Biles was provided to Ms. Fallon by Defendant John Schneider. This Court has been provided (in response to a request by Judge Johnson) a copy of Ms. Fallon's sealed deposition for an *in camera* review. Ms. Fallon's testimony highlights her personal lack of knowledge of matters claimed to be within her knowledge according to her interrogatories answers. There is no question but that someone has tampered with Ms. Fallon's interrogatory answers. Plaintiff alleges that John Schneider, Michelle Schneider, or both is responsible.

The second document discovered on the stick drive and provided to counsel by the Park County Prosecutor is Exhibit 3. It is entitled "Contact between JHS and LF." Not by coincidence, Defendant John Schneider's initials are JHS, and Defendant Fallon's initials are LF. This document, particularly when read in conjunction with the other two documents found on the stick drive, is a "get your story straight" directive to Ms. Fallon, reminding her of the extensive contacts between herself and John Schneider wherein they discussed the process through which Lisa Fallon was instructed to defame Dr. Biles.

The third document discovered on the stick drive found in the surgical suite is Exhibit 4. It is directed to "Lisa," and can be described in no other way than a primer to Ms. Fallon

describing how she should testify falsely in this Wyoming federal court action. Plaintiff asserts this eight-page document is evidence of tampering with a federal witness, obstruction of justice, abuse of process, bribery, subornation of perjury, and perjury. It further evidences conspiracy and racketeering conduct on the part of the Schneiders.

This document begins by coaching Ms. Fallon to be less than forthcoming: "Please review the following points several times before your deposition. Please try not to expound on these points, using the 'I do not recall, or to the best of my recollection' as part of your answers." (Exhibit 4, p. 1 ¶1). The document warns Ms. Fallon not to tell the truth about her co-conspirators because "as soon as they 'turn you', you will be treated like a prison Bitch." (Exhibit 4, p. 2, ln. 1-5). The document bribes her to take the fall for her co-conspirators in exchange for money, to wit: "As we have discussed, if you are able to withstand the heat of deposition and 'take a bullet,' regardless of final economic damages in favor of Biles in any type of judgment, you will be taken care of far in excess of any paycheck." (Exhibit 4, p.1, ¶4). In eight, single-spaced pages, the document methodically and with great detail instructs Ms. Fallon how to testify about evidence in her possession, about evidence she has destroyed, to make spurious medical claims regarding her memory, to falsify stories about her motives, to falsify stories about her contacts with her co-conspirators, and to falsify stories about her contact with other witnesses in the case. This document suborns perjury.

The three documents found in the laundry are a clear indication that an individual has attempted to influence, and has indeed influenced, the proper administration of justice in a

pending federal lawsuit. These documents strongly evidence the need to continue sealing Ms. Fallon's deposition in this matter and other depositions of key witnesses. These documents strongly evidence the need to enforce a sequestration order in this case, and all parties should be instructed that they are prohibited from discussing with each other regarding the facts and circumstances of this case until proceedings have concluded.

Already, the Schneiders have admitted knowledge of Ms. Fallon's sealed testimony, which implicates them further in their conspiracy and their illegal activities. Counsel for the Schneiders recently filed an Answer and Counterclaim [Doc 13], in which the Schneiders and their lawyers claim to have knowledge of Ms. Fallon's testimony in this matter. Because her deposition transcript was sealed immediately after her deposition, any knowledge of Ms. Fallon's testimony would not have been acquired in good faith. In the Defendants' Answer, the Schneiders and their lawyers claim that during Ms. Fallon's deposition, Ms. Fallon denied the Schneiders created or helped to create the flyer. [Doc 13, ¶ 33, 34]. The Schneiders, through their counsel, represent that during Ms. Fallon's deposition she denied that the information contained within the flyer was provided to her by John Schneider. [¶ 38, 39]. The Defendants and their counsel further claim that Ms. Fallon admitted she disseminated the flyer (¶ 41) and denied being an agent of the Schneiders (¶ 42, 43). The Schneiders make the outlandish argument that due to their co-conspirator taking the blame for the flyer, Plaintiff is without a

factual basis for continuing his lawsuit alleging a conspiracy.[2] Plaintiff has and continues to allege that Ms. Fallon is expected to do as she was told, that is – take a bullet for the Schneiders as part of the continuing pattern of conspiracy and commission of illegal activities, in particular, abuse of process, witness tampering, subornation of perjury, and bribery. Deposing the Schneiders before they have the opportunity to read Ms. Fallon's testimony is more than necessary in light of the evidence before the Court.

2. ***The Schneiders have not complied with Federal and Local Rules and their Motion is not made in good faith.***

Aside from the need to keep Ms. Fallon's deposition sealed to prevent further obstruction of justice and subornation of perjury, the Schneiders' Motion should be denied because it violates federal and local rules and is not brought in good faith.

Schneiders claim they need Ms. Fallon's deposition "so they may fully and accurately prepare their defenses and counterclaims." [Doc. 10, Defs' Motion at ¶7]. They claim that without access to her deposition, they "will be prohibited from asserting all possible defenses

---

[2] As part of filing of their Answer and Counterclaims, the Schneiders hired a public relations firm, Acclaim, LLP, from Billings, Montana, to publish a press release on their behalf, containing quotes from John Schneider and Mr. Stinson. The press release is attached here as Exhibit 5. The press release references, by innuendo, the sealed testimony of Ms. Fallon. This press release is a continued attempt by John Schneider to smear Dr. Biles, evidenced by references in the press release that the federal record in this lawsuit somehow proves Dr. Schneider had no involvement. Further, the press release states, "Court records also indicate that Dr. Biles had a long history of erratic, alcohol and substance abuse related behavior that has left many, including patients, the general public and Dr. Schneider, feeling victimized." That statement is defamatory. The press release also instructs its audience to access the PACER system to view the Schneiders' defamatory filings. The substance of the press release shows the Schneiders intend to continue to engage in bizarre and defamatory filings by publishing false information about what is really contained in the record of in this case.

and counterclaims." [Id. at ¶ 14]. This is a disingenuous argument. Defendants John and Michelle Schneider have already filed their Answer and a Counterclaim.[3] The Schneiders offer no example of a defense they are unable to bring without access to Ms. Fallon's deposition because there is none. Instead, it is obvious Schneiders want to have the opportunity to review Ms. Fallon's deposition before they are deposed so they can get their stories straight. Their request for their co-conspirator's deposition is not in good faith and is designed to further their conspiracy and illegal activities.

Schneiders' discovery request through this Motion is in violation of several federal rules. First, Schneiders ignore the mandates of U.S.D.C.L.R. 26.1(b), which does not allow a party to seek discovery of documents and things until the parties have complied with Fed. R. Civ. P. 26(a)(1). The parties have not exchanged Rule 26 disclosures. Second, this Court has made clear that before a party files a discovery motion, they must first contact the Court's chambers to discuss the merits of the discovery dispute and be given permission from the Court to file a discovery dispute motion. Schneiders did not comply with the Court's Order and have no permission to file this motion. Third, Schneiders did not comply with U.S.D.C.L.R. 7.1(b)(1)(A), which states that "the Court will not entertain any nondispositive motion unless counsel for the moving party has conferred orally, in person or by telephone . . . ." No such

---

[3] No attorney has entered an appearance on behalf of Defendants Schneider Corp., and any responsive pleading, motion or claim made by the Bonner Stinson Law Firm on behalf of Defendant Schneider Corp. should be stricken until which time they enter an appropriate appearance.

phone call or other person-to-person contact was ever attempted by defense counsel. Again, this Motion is not brought in good faith.

Schneiders claim that sealing Ms. Fallon's deposition is an ethical violation on the part of the lawyers who agreed to seal it. [Doc. No. 10, Defs' Motion at ¶ 18]. An accusation of an ethical violation (even just the suggestion of it) is a serious accusation, and Schneiders' cavalier approach to this topic is concerning and gives more reason to question Schneiders' good faith. There is nothing unethical in making an agreement to seal and sequester witnesses for the purpose of preventing co-conspirators from having the opportunity to get their stories straight. Schneiders offer no authority for their bold position that the agreement to seal Ms. Fallon's deposition is somehow unethical. There is none. Again, this argument is not made in good faith.

### Conclusion

Evidence contained in the attached Exhibits that Ms. Fallon's testimony, both in interrogatories and deposition, has been tampered with by her co-conspirators underscores the importance of keeping her deposition sealed and other key witnesses sequestered. Furthermore, Defendants have not brought this Motion in good faith or in accordance with the rules.

WHEREFORE, Plaintiff requests Defendants' Motion to Release Deposition of Lisa Shaurette Fallon be DENIED entirely.

Plaintiff further requests the Schneiders be ordered to provide sworn testimony as to how they gained access to Ms. Fallon's testimony, and ordered to identify all communications they have had with Ms. Fallon about her interrogatory and deposition testimony in this federal court.

DATED this 24th day of February, 2012.

/s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2012, the undersigned filed the foregoing, **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO RELEASE DEPOSITION OF LISA SHAURETTE FALLON,** with the Clerk of Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

Laurence W. Stinson, Wyo. Bar #6-2918
Bonner Stinson P.C.
1421 Rumsey Avenue
Cody, Wyoming  82414
Tel:  307.587.0300
Fax: 307.527.6092
Email:  Laurence@bonnerstinsonpc.net

*Attorney for John and Michelle Schneider*

/s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, WY  83001
(307) 733-7290

(307) 733-5248 facsimile

William L. Simpson – Wyo. Bar #5-2189
SIMPSON, KEPLER & EDWARDS, LLC
P.O. Box 490
Cody, WY  82414-0490
(307) 527-7891
(307) 527-7897 facsimile

*Attorneys for Plaintiff*