R. Daniel Fleck – Wyo. Bar #6-2668
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
Po Box 548
Jackson, WY 83001
307-733-7290
307-733-5248 (facsimile)

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, <br> a resident of Wyoming, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN HENRY SCHNEIDER, JR., MD, <br> MICHELLE RENE SCHNEIDER, <br> husband and wife, both residents of Montana; <br> JOHN HENRY SCHNEIDER, JR., MD, PC <br> a Montana corporation; and JOHN DOES I-XXX, <br><br> Defendants. | **CIVIL NO.** 11-CV-366F |

### PLAINTIFF'S SUPPLEMENTAL AUTHORITY FILED PURSUANT TO
### COURT MINUTE ORDER DOCUMENT NO. 23

Plaintiff, by and through counsel, submits supplemental authority as permitted by the Court in her Minute Order of March 1, 2012, Document No. 23. This brief supplements Plaintiff's Opposition to Defendants' Motion to Dismiss [Doc. No. 11], and further rebuts Defendants' arguments made during the hearing on this matter held on March 1, 2012.

During oral argument, Defendants cited to three cases. After review of the three cases, none establishes grounds to dismiss Plaintiff's RICO claims.

In *Cleveland v. United States*, 121 S.Ct. 365 (2000), defendants applied to the State of Louisiana for a video gaming license. They mailed their application, and the State approved their application for at least three consecutive years. According to the indictment, defendants fraudulently concealed critical information when they submitted their application. Defendants were convicted on mail fraud counts. The Fifth Circuit upheld the conviction, but the United States Supreme Court reversed, holing that mail fraud "does not reach fraud in obtaining a state or municipal license of the kind here involved, for such a license is not 'property' in the government regulator's hands." *Id*. at 367.

*Cleveland* is not germane to Plaintiff's case. Plaintiff does not claim that Defendants' fraud caused his failure to obtain a state or municipal gaming license. *Cleveland* fails to support Defendant Schneiders' position that economic loss to Plaintiff's medical practice is somehow not recoverable pursuant to RICO. *Cleveland* does not speak to whether an economic loss to a medical practice is an injury to "business or property," as required by RICO. 18 USC §1964(c). *Cleveland* offers no authority for Defendants' position to dismiss this case.

Second, Defendants cite to *Lancaster Community Hospital v. Antelope Valley Hospital, et al*, 940 F.2d 397 (9th Cir. 1991). *Lancaster* is not persuasive for Defendants. The Ninth Circuit held that Lancaster was unable to establish the predicate act of mail fraud because it could not establish that defendants sought to deprive it of property. *Id*. at 405-406. Accusations that defendants attempted to fraudulently shift their market share at the expense of the plaintiff were

not enough to amount to a property loss to the plaintiff. *Id.* at 406. In the case at bar, Defendants' fraud is alleged to have caused actual financial loss to the Plaintiff's business, in the past and in the future. *Lancaster* cannot be read to suggest financial loss to a person's business is exempt from property pursuant to RICO.

Last, Defendants cite to a district court decision out of Texas, *Manax, M.D. et al. v. McNamara, et al.*. In oral argument, Defendants cited this case for the proposition that Plaintiff has not pled the existence of a "scheme." 660 F.Supp. 657 (W.D. Tex. 1987). It should be noted that the *Manax* district court decision lacks authority because the Fifth Circuit reviewed the district court's holding, issued an opinion, and is the law of that case – not the district court's opinion. The Fifth Circuit's opinion is found at *Manex, M.D. et al., v. McNamara, et al.*, 842 F.2d 808 (5th Cir. 1988).

In *Manex*, the court looked closely at the existence of an "enterprise," and found that plaintiff had not alleged the defendants were "an entity separate and apart from the pattern of activity in which it engages." *Id.* at 811. The Fifth Circuit held that an "enterprise" must be alleged to function beyond the commission of predicate acts. *Id.* It held that the alleged enterprise "lacked the continuity required to bring it within the RICO ambit." *Id.* at 812.

To the extent the Schneiders bring a new argument to the table during oral argument that Plaintiff has failed to plead the element of enterprise, the *Manax* case does not support that argument. In *Manax*, the plaintiff alleged that a group comprised of lawyers and media persons and government officials had formed an enterprise and had conspired to defame him, but plaintiff failed to allege any continuity within the enterprise or any reason the enterprise existed

other than to defame him. The facts in the case at bar are very different. First, Plaintiff has pled at ¶¶ 125-132 in her Complaint that the enterprise here is made up of family members and family corporations, which act as a continuing unit and share common economic goals. The family enterprise at issue here exists and continues beyond the commission of the predicate acts alleged. In fact, the enterprise here continues to scheme by committing other predicate acts such as tampering with witnesses, obstructing justice, and bribery. These allegations distinguish Plaintiff's case from the *Manax* case.

Furthermore, the Fifth Circuit decision is not precedential. The Tenth Circuit has spoken to the issue of "enterprise" in *United States v. Sanders*, 928 F.2d 940, 943-44 (10th Cir. 1991), to wit:

> In order to secure a conviction under RICO, the Government must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.' " *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528–2529, 69 L.Ed.2d 246 (1981). Under *Turkette*, the existence of an enterprise is proved "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*. The issues of ongoing organization, continuing membership and an enterprise existing apart from the underlying pattern of racketeering are factual questions for the jury. *United States v. Riccobene*, 709 F.2d 214, 222 (3d Cir.), cert. denied, *Ciancaglini v. United States*, 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983). Although the pattern of racketeering activity and the enterprise are separate elements of a RICO violation, the government need not necessarily adduce different proof for each element. *Turkette*, 452 U.S. at 583, 101 S.Ct. at 2528–2529.

*Sanders*, 928 F.2d at 943-44.

The Tenth Circuit has opted to employ the Third Circuit's elaboration of a framework to analyze the existence of an enterprise. *Sanders*, 928 F.2d at 943-44 (*citing United States v. Riccobene*, 709 F.2d 214, 222 (3d Cir. 1983)). The first element stated in

the *Riccobene* framework, i.e., an ongoing organization with a decision-making framework or mechanism for controlling the group has been pled in Plaintiff's Complaint at ¶¶ 125-132.  This is a family organization, which is controlled by their common economic goals of making money for the family and protecting the family business.

The second element of the *Riccobene* framework, i.e., that various associates function as a continuing unit, has been pled by alleging this enterprise is a family organization that will continue to operate beyond the commission of the wire and mail fraud predicate acts, and that shares a common economic goal.

The third *Riccobene* element is that the enterprise is shown to be separate and apart from the pattern of racketeering activity.  709 F.2d at 223. This element is satisfied if the evidence shows the organization coordinated the commission of different predicate offenses on an ongoing basis. 709 F.2d at 224.  This enterprise is a family, which infers that the group will continue to exist, thrive and self protect.  Furthermore, evidence that the family continues to engage in illegal activities is coming to light, and provides evidentiary support for all of Plaintiff's claims.  At the pleading stage of this case, the allegations presented in the Complaint are sufficient to establish the existence of an enterprise separate and apart from the racketeering acts.

WHEREFORE, Plaintiff requests the Court DENY Defendants' Motion to Dismiss with prejudice.

DATED this 2nd day of March, 2012.

    /s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
R. Daniel Fleck – Wyo. Bar #6-2668
THE SPENCE LAW FIRM, LLC
15 South Jackson

P.O. Box 548
Jackson, WY  83001
(307) 733-7290
(307) 733-5248 facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of March, 2012, the undersigned filed the foregoing, PLAINTIFF'S SUPPLEMENTAL AUTHORITY FILED PURSUANT TO COURT MINUTE ORDER DOCUMENT NO. 23, with the Clerk of Court using the CM/ECF system which sent notification of such filing upon all attorneys of record including:

Laurence W. Stinson, Wyo. Bar #6-2918
Bradley D. Bonner
Bonner Stinson P.C.
1421 Rumsey Avenue
Cody, Wyoming  82414
Tel:   307.587.0300
Fax:  307.527.6092

*Attorneys for Schneider Defendants*

/s/ M. Kristeen Hand
M. Kristeen Hand – Wyo. Bar #6-3544
THE SPENCE LAW FIRM, LLC