Laurence W. Stinson, WSB #6-2918
Bradley D. Bonner, WSB #5-2983
BONNER STINSON, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
ATTORNEYS FOR SCHNEIDER DEFENDANTS/
COUNTER CLAIMANTS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIMMIE G. BILES, JR., MD, a resident of Wyoming,<br><br>    Plaintiff,<br><br>        vs.<br><br>JOHN HENRY SCHNEIDER, JR., MD, MICHELLE RENE SCHNEIDER, husband and wife, both residents of Montana; JOHN HENRY SCHNEIDER, JR., MD, PC, a Montana corporation; and JOHN DOES I-XXX,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No. 11-CV-366F |
| JOHN HENRY SCHNEIDER, JR., MD, MICHELLE RENE SCHNEIDER, husband and wife, residents of Wyoming,<br><br>    Counter Claimants,<br><br>        vs.<br><br>JIMMIE G. BILES, JR., MD, a resident of Wyoming,<br><br>    Counter Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHNEIDER DEFENDANTS' RESPONSE AND OBJECTION TO BILES' MOTION TO DISMISS COUNTERCLAIM

COME NOW the Defendants, JOHN HENRY SCHNEIDER, JR., MD, and MICHELLE RENE SCHNEIDER,[1] by and through their attorneys, Bonner Stinson, P.C., Cody, Wyoming, and respectfully submit their Response and Objection to the Plaintiff's Motion to Dismiss Counterclaim filed by Jimmie G. Biles, Jr., M.D. (hereinafter Biles).

## I.    OVERVIEW

Biles has asked the court to dismiss the entirety of Schneiders' counterclaim against him on the grounds that his defamatory statements are privileged or immune from prosecution because the same were made as a precursor to or as part of this lawsuit.  Biles' motion to dismiss should be denied.

Biles argues that as a litigant his defamatory statements are immune from prosecution under Wyoming law.  Wyoming law only affords such immunity to witnesses, particularly as crime victims, within a judicial proceeding. Biles' defamatory statements were not made by him as a "crime victim" offering testimony in a judicial proceeding; were not made by him as a witness at all; and were made

---

[1] Plaintiff has brought the motion to dismiss against all three Schneider Defendants.  The counterclaim was only brought by Dr. John and Michelle Schneider, however.

as an unsworn litigant with full knowledge of their falsity.  Wyoming law does not afford immunity to a litigant like Biles.

Biles purposefully understates and overlooks the critical and undisputed fact that he had direct evidence in the form of sworn testimony that Schneiders did not defame him prior to filing those very allegations in his complaint.  Thus, his statements were made with knowledge of their falsity or, at the very least with knowledge that the same were an expression of opinion that could be defamatory because it was sufficiently derogatory to cause harm to his reputation and deter others from dealing with him.  *Spence v. Flynt*, 816 P.2d 771, 775 (Wyo. 1991).  Under these circumstances, the filing should have been made – if at all – under seal or with redactions and precautions to protect Schneiders against the public ridicule, contempt, and scorn derived from harmful and contradicted allegations.

Lastly, Biles' dispositive motion is premature and Schneiders should be afforded discovery.  The allegations within the complaint set forth the motive for defamation of Schneiders by Biles and have met the well-pled complaint standards.

## II.    STANDARD OF REVIEW

A pleading does not require detailed factual allegations.  *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-1950 (U.S. 2009) (citing to *Twombly*).  To survive a motion to dismiss, a complaint must only and simply contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." *Id*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.

### III.   ANALYSIS

a.   <u>Factual Allegations Accepted as True.</u>

Schneiders' complaint alleges, *inter alia*, that Biles falsely accused Schneider of conspiring to create, or creating, a defamatory flier, knowing that such allegations would become public through the media and the community.  *Doc. 13*, *Counterclaim*, ¶¶ 53 – 60.  Schneiders' complaint further alleges that such unlawful conduct caused economic and emotional harm to Schneiders.  *Doc. 13, Counterclaim*, ¶¶ 54-62.  Importantly, the counterclaim alleges that Biles made such allegations knowing full well of their falsity and after investigation by Biles or his agents revealed no credible testimony that such allegations were true.  *Doc. 13*. *Counterclaim*, ¶ 63.

Schneiders have made these and other detailed allegations within the complaint allowing the court to draw the reasonable inference that Biles had knowledge of the falsity of allegations he made and, that such allegations were unlawful.  Such allegations are detailed, meet the well-pled complaint standards,

and allow the court to infer more than the possibility of misconduct as required by *Iqbal. Id.* at 1950.

    b.   <u>Defamation</u>.

Wyoming does not recognize a privilege regarding "allegations" made in pleadings. Wyoming recognizes a privilege for statements made by a "crime victim" when testifying. *Abromats v. Wood*, 213 P.3d 966, 2009 WY 100 (Wyo. 2009). Abromats is the latest comment on this aspect of the law and specifically concluded that, "Statements made by the *victim* of a crime to a crime victim service provider for submission to the court, which were not published to anyone else for any other purpose, cannot support tort liability for libel because a *victim has absolute immunity as a witness* when making statements in the course of the judicial proceedings." *Abromats*, 2009 WY ¶14 (emphasis added.)[2]

Such immunity may also be afforded witnesses within a judicial proceeding. The cases relied upon by Biles - *Briscoe, Abromats, and Elmore* – deal with statements of *witnesses offering testimony in judicial proceedings* and are related to criminal conduct, not civil conduct. The one case related to civil conduct – *Levers* – found not immunity, but a conditional privilege in a banking business transaction.

---

[2] This is not a new rule. *Johnson v. Griffin*, 922 P.2d 860, 863 (Wyo. 1996) concluded that "witnesses are absolutely immune for suit for," acts connected with, "the judicial phase of the <u>criminal</u> process." (Emphasis added.) This is the same rule or a similar one for all of the cases cited by Biles – the statements must be made as a witness in a judicial proceeding.

Biles reliance on these cases is misplaced.   After inquiry, there is no Wyoming caselaw concluding that litigants receive absolute immunity for defamatory statements made in a pleading.

Dr. Biles is not the victim of a crime – if you believe his story he is the victim of a tort.  Nor is this a criminal proceeding, it is a civil one.  Biles was not acting as a victim or a witness when – armed with testimony from the primary defendant who actually claimed responsibility – he sued the Schneiders for the same act in willful disregard of the only direct evidence known to him.  He was acting as a purposeful litigant and "allegations" do not enjoy immunity from defamation claims in the state of Wyoming.  Biles clearly and plainly disputes the testimony of Ms. Fallon, but being as it is the evidence he did have and is in contradiction to what he wants the evidence to be, he chose to publish defamatory allegations.

Further, Biles chose not to seek leave to file the complaint under seal or in a redacted nature; did not seek pre-suit guidance of the court in regard to the filing; did not provide Schneider an opportunity to respond in advance of publishing the statements; and made the allegations with full knowledge the newspapers would pick up the filing and print a scandalous news article.  After all, this matter had been one of public concern.  *Exhibit 1,* pre-suit newspaper articles regarding Dr. Biles and the flier.   Those circumstances are nothing akin to statements made by a victim of a crime within a judicial proceeding like a hearing.

This matter is more akin to *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692 (Iowa 1979). In *Asay*, an employee (Asay) brought suit against his employer (Hallmark) for allegedly trying to deprive him of employment benefits. Hallmark counterclaimed for defamation in a poorly drafted counterclaim. The district court found that the alleged defamatory statements were made in the complaint and therefore enjoyed immunity. The Eighth Circuit Court of Appeals disagreed.

> Applying Iowa law to the allegations of Count II of the counterclaim, we find that Asay was not entitled to an absolute privilege on the basis of the pleadings. In determining whether an occasion is absolutely privileged, the pivotal factor is frequently to whom the matter is published. Publication to the news media is not ordinarily sufficiently related to a judicial proceeding to constitute a privileged occasion. (citations omitted.)

> This approach accords with the public policy recognizing the necessity for privilege for statements related to judicial proceedings. Allowing defamation suits for communications to the news media will not generally inhibit parties or their attorneys from fully investigating their claims or completely detailing them for the court or other parties. Also, the important factor of judicial control is absent. (citations omitted.) The salutary policy of allowing freedom of communication in judicial proceedings does not warrant or countenance the dissemination and distribution of defamatory accusations outside of the judicial proceeding. No public purpose is served by allowing a person to unqualifiedly make libelous or defamatory statements about another, but rather such person should be called upon to prove the correctness of his allegations or respond in damages. The privilege or immunity granted to defamatory statements in judicial proceedings is a narrow one. "The scope of the privilege is restricted to communications such as those made between an attorney and client, or in the examination of witnesses by counsel, or in statements made by counsel to the court or jury." *Kennedy v. Cannon*, supra, 182 A.2d at 58. See Restatements of Torts 2d s 586, comments A and C. Thus, while a defamatory pleading is privileged, that pleading cannot be a predicate for dissemination of the defamatory matter to the public or third parties not connected with the judicial proceeding. Otherwise, to cause great

harm and mischief a person need only file false and defamatory statements as judicial pleadings and then proceed to republish the defamation at will under the cloak of immunity.

Biles knew that his lawsuit and complaint was written like a fictional story and would be public and printed news in Cody, Wyoming.  After all, prior information regarding this matter had also been printed and the topic was hot news.  The complaint was written to tell a sensational story for the press to repeat; with full knowledge that this is a complaint with unproven allegations.  Wyoming has adopted no rule whatsoever protecting defamatory statements in pleadings and Biles enjoys no immunity for the same.

      c.     <u>A Motion to Dismiss is Premature.</u>

Schneiders should have the opportunity to prove their causes of action and to discover the testimony of Fallon, Biles, and others.  Biles asked for and received an order that the Fallon testimony be sealed for now – after it was discussed in court that Lisa Fallon accepted sole responsibility for the alleged defamatory mailing. The effect of the sealing of that deposition cannot now be used by Biles to claim he had no knowledge that his allegations within this complaint were unsupported and contradicted by Fallon.  What is good for the goose is good for the gander and Biles cannot knowingly and falsely claim Schneiders defamed him and simultaneously shield himself from a lawsuit by claiming such statements were only made in pleadings.

The court may be resistant to the idea that pleadings can defame.  Wyoming law does not bar or prohibit such an action and, in fact, firmly holds that even the expression of an opinion could be defamatory.  *Spence v. Flynt*, 816 P.2d 771, 775 (1991).  The false opinion, expressed in a lawsuit as fact, that Schneiders defamed Biles can itself be defamatory because it lowers him in estimation of the community and deters third persons from dealing with him.  *Id.*

This case must be recognized for the extraordinary factual battle it is and that it is ripe and suitable for such claims.  More extraordinary because Biles had pre-suit testimony that his allegations were false. Biles sued Lisa Fallon claiming she defamed him and she admitted it.  She denied a co-conspirator and she denied that others helped her. Despite these denials, Schneiders – both of them – were sued.  Biles wants to argue that Fallon's statements were a lie and she has Schneiders as a co-conspirator – pointing to circumstantial evidence like a shared mailing list.  This is a factual dispute not a dispute to be resolved by a motion to dismiss and discovery should be afforded the Schneiders.

d.   Other claims.

Schneiders have brought three additional causes of action:  Intentional infliction of emotional distress, interference with prospective contract, and interference with contract.  Biles asks that all of these causes be dismissed at this

initial stage of the suit, pre-discovery.   Biles' basis for dismissal of the remaining counterclaims is simply that if defamation fails, so too must the other claims.

The IIED claim is separate and apart from the defamation claim and stems from the purposeful and unlawful acts taken by Biles, in part, related to the filing of a lawsuit with false and defamatory allegations.   Should the court reach the extreme conclusion that Biles' defamation is immune from suit, the IIED claim can continue because it is not derivative of the defamation claim, even if the conduct is the same.   Defendant has not provided any Wyoming law that the communication is privileged.   Biles makes a single conclusory statement in his motion that *Lever v. Community Bancshares, Inc.*, 989 P.2d 634, 641 (Wyo. 1999) affords conditional privilege to Biles' conduct insofar as the IIED claim.   Nowhere does the holding of that case support such a conclusion.

With regard to the contractual claims, Schneiders have made allegations that Biles has driven clients from Dr. John Schneider and has caused them both economic harm and hardship. *Doc 13, Counterclaim*, ¶¶ 71-81.   Schneiders have also alleged that Biles interfered with the doctor-patient relationship and this has damaged Schneiders.   *Id*.   These allegations include, of course, the earlier pages of allegations regarding Biles' conduct.   As the court noted in its oral ruling on Defendant Schneiders' motion to dismiss the RICO claims brought by Plaintiff, "giving all reasonable inferences to the [non-movants] and viewing the facts in the

most favorable light for the [non-movant's] benefit," the plaintiffs have alleged the harm and conduct specific to withstand a motion to dismiss. Schneiders have made specific allegations of economic harm and loss.

Lastly, Biles' claims that his unlawful conduct cannot deprive Dr. Schneider of patients because Dr. Schneider does not have a medical license. Dr. Schneider does have a medical license and has been practicing. Dr. Schneider did have a dispute with the Wyoming Board of Medicine and Biles' role in that matter must also be discovered. As Dr. Schneider did have a license when defamed and currently has a license and suffers the economic harm of Biles' conduct, this offense is worthless and clearly inserted solely to be excessive.

## IV.   CONCLUSION

Schneiders have met the well-pled complaint standards in their counterclaim. They have stated a motive for Biles' lawsuit and defamation against Schneider. *Doc 13. Counterclaim*, ¶¶ 6-31. Schneiders have stated that as a result of the conduct of Biles they have been held up to ridicule, hatred, contempt, scorn and have been shunned and avoided and have suffered economic harm. *Doc. 13*, *Counterclaim* ¶¶ 60-62. Schneiders have met the *Iqbal* pleading standard and have shown more than a sheer possibility that Biles has acted unlawfully when he made public allegations against Schneider that he knew were false because they were contradicted by sworn evidence – the only direct evidence on the matter. The

pleadings are an expression of an opinion that is sufficiently derogatory to cause harm to the Schneiders' reputation.

The sole issue raised by Biles in his motion to dismiss is not to argue the defamatory nature of the allegations, but to argue that such defamation is immune from accountability by a lawsuit.  Such immunity is afforded crime victims within a judicial proceeding.  The cases relied upon by Biles - *Briscoe*, *Abromats, and Elmore* – deal with statements of *witnesses offering testimony in judicial proceedings* and are related to criminal conduct, not civil conduct.   The one case related to civil conduct – *Levers* – found not immunity, but a conditional privilege in a banking business transaction.   Biles' reliance on these cases is misplaced.  The immunity Biles wants is afforded to crime victims as witnesses in a judicial proceeding and not to litigants filing pleadings well aware of the false statements made therein.

Giving all reasonable inferences in favor of the Plaintiff, Biles' motion to dismiss should be denied.

RESPECTFULLY SUBMITTED this 26th day of March 2012.

/s/ Laurence W.  Stinson
Laurence W. Stinson, WSB #6-2918
Bonner Stinson, P.C.
1421 Rumsey Avenue
Cody, Wyoming 82414
307.587.0300
Fax: 307.527.6092
Attorney for Schneider Defendants/
Counter Claimants

## CERTIFICATE OF SERVICE

I, Laurence W. Stinson, attorney for Schneider Defendants/Counter Claimants, hereby certify that on the 26th day of March 2012, I served a true and correct copy of the foregoing via the CM/ECF system to:

R. Daniel Fleck, WSB #6-2668
M. Kristeen Hand, WSB #6-3544
THE SPENCE LAW FIRM, LLC
15 South Jackson
P.O. Box 548
Jackson, Wyoming 83001
fleck@spencelawyers.com
hand@spencelawyers.com

Jeffrey J. Oven, WSB #6-3371
Christopher C. Voigt, WSB #6-3313
CROWLEY FLECK, PLLP
500 Transwestern Plaza II
490 North 31st Street
P.O. Box 2529
Billings, Montana 59103-2529
joven@crowleyfleck.com
cvoigt@crowleyfleck.com

/s/ Laurence W.  Stinson
Laurence W. Stinson