Weston W. Reeves, #4-1120
Anna Reeves Olson, #6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
*Attorneys for James and Martie Clark*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JIMMY G. BILES, JR. | ) | |
| | ) | Case No. 11-CV-366 F |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HENRY SCHNEIDER, JR., M.D., | ) | |
| | ) | |
| Defendant. | ) | |

---

**MOTION OF JAMES AND MARTIE CLARK TO APPEAR AS AMICUS CURIAE AND TO ACCESS TO SEALED OR CONFIDENTIAL DOCUMENTS**

---

FOR their motion, Mr. and Mrs. Clark respectfully state:

1.     On April 13, 2009, John Schneider, the Defendant in the above-entitled case performed spinal surgery on James Clark at the wrong location.

2.     Defendant Schneider operated again on May 12, 2009 and again ignored the obvious pathology which was causing Mr. Clark's debilitating pain.

3.     On October 3, 2011, while the Clarks' medical negligence claim against Defendant Schneider was pending before the Wyoming Medical Review

Panel, Defendant Schneider sued Mr. and Mrs. Clark on claims of defamation, negligent infliction of emotional distress, and interference with business relations.

4.   A copy of the *Schneider v. Clark* complaint from Park County, Civil No. 26753, is attached as Exhibit A.

5.   Defendant Schneider has recently signed interrogatories in that case claiming damages against the Clarks in loss of patient revenue of $7.25 million.

6.   There are many parallels in the Schneider lawsuit against his patient, Mr. Clark, and his claims against Plaintiff Biles in this case.  Mr. Clark sought treatment from neurosurgeon, Dr. Bob Narotzky, in Casper, Wyoming, after Schneider's failed surgeries.  Defendant Schneider alleges that Dr. Biles and Dr. Narotzky were out to get him.

7.   In an effort to prevent his patients with bad outcomes from going to Dr. Narotzky, Defendant Schneider began a vicious slander campaign against Dr. Narotzky, which consisted of letters he signed, anonymous letters and the purchase of billboards and newspaper ads which seem to be soliciting medical negligence cases against neurosurgeons in Natrona County.

8.   With the exception of letters he signed himself, Defendant Schneider has attempted to shield himself from these defamatory publications by using intermediaries like he used Lisa Fallon in the Biles' affair.

9.     Obtaining discovery from Schneider in the defamation case and the pending medical negligence case has been grueling and expensive.   Only recently, the Hon. Steven Cranfill ordered the West Park Hospital to produce a paper copy of the contents of the notorious laundry flashdrive, and just this week ordered the public relations agent who designed and purchased the billboard campaign to disclose the name of the "agent of an undisclosed principal," who hired her.

10.     Defendant Schneider has refused to answer questions about his participation in the billboard project.

11.     Quite obviously all of the information and data obtained in this Federal Court litigation which bears on the habits, credibility and character of Defendant Schneider is critically important to the Clarks.   Even more important will be evidence of Defendant Schneider's entanglements in claims and counterclaims and controversies which are relevant to his claim of a $7.25 million decline in net patient revenue.

12.     Because significant information in the above-entitled case and the companion case are under seal or restricted by protective orders, only the relief sought by this motion can make that information available for the Clarks' defense.

13.     On May 9, 2012, Defendant Schneider filed a "Motion to Seal Transcript," with a supporting brief.   These are docketed as "non-public documents pursuant to the Judicial Conference Policy on Privacy and Public

Access."  We are unable to locate any provision of that policy authorizing the motion and brief to be non-public.

14.     Defendant Schneider's effort to seal the transcript is motivated only by the desire to prevent public knowledge and inspection of his bad conduct.  That is not a justifiable reason for sealing Court files.

15.     Whether material of the type involved here, concerning a licensed physician, should be under seal is a matter of significant public interest.  The Clarks request an opportunity to be heard on that important subject.

16.     This  Court  has  broad  discretionary  authority  to  permit participation of parties as amicus curiae.  *See*, *Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F.Supp. 220 (D. Md. 1996).

WHEREFORE, Mr. and Mrs. Clark move the Court for an order:

1.     Authorizing  the  Clarks  to  file  briefs  and  participate  in  oral argument on the pending motion to seal file, Document No. 41 in the above-entitled case;

2.     Authorizing the Clarks access to all information obtained by the parties in this case and the related case, Civil No. 11-cv-294 F, through discovery, which is subject to protective orders and that this information be released to the Clarks subject to the restrictions of the Orders.

DATED this 11th day of May 2012.

_____
W.W. Reeves, #4-1120
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorneys for James and Martie Clark*

## CERTIFICATE OF SERVICE

The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served via the following manner on this 11th day of May 2012.

Mary Kristeen Hand, *hand@spencelawyers.com*               Via e-filing
Daniel Fleck, *fleck@spencelawyers.com*
Bradley D. Bonner, *brad@bonnerstinsonpc.net*
Laurence William Stinson, *laurence@bonnerstinsonpc.net*

P. Craig Silva, *csilva@wpdn.net*                                Via e-mail

_____
W.W. Reeves